UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RUSSELL ALBERT MANZI,          :
      Plaintiff,             :
                             :
    v.                         :   C.A. No. 16-425M
                             :
NANCY A. BERRYHILL,            :
Acting Commissioner of the Social Security :
Administration,                :
      Defendant.             :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff filed this case on July 29, 2016; his motion challenging the Commissioner's decision was due six months later, on January 28, 2017. Instead of complying with the Court Order requiring him to file his motion, Plaintiff asked for an open-ended extension to find new counsel because his "previous attorney Green and Greenberg has denied my representation."[1] ECF No. 12. The Court granted him an extension to February 28, 2017, to file his motion. See Text Order of Jan. 30, 2017. Plaintiff ignored the new deadline, resulting in a show cause order issued on March 7, 2017. ECF No. 13. The Order required Plaintiff to show good cause by April 7, 2017, why the case should not be dismissed for lack of prosecution and cautioned that, if he failed to do so, I would recommend to the District Judge that this action be dismissed without prejudice and without costs.

Since, Plaintiff has filed two motions to extend the show cause deadline. ECF Nos. 14, 15. The first was granted, resetting the deadline from April 7, 2017, to May 12, 2017. See Text Order of Mar. 28, 2017. In that Order, Plaintiff was "strongly cautioned that no more extensions

---

[1] Plaintiff explains that Green and Greenberg represented him in 2013. ECF No. 15.

will be allowed except based on a showing of good cause." Id. The second extension motion was filed on May 12, 2017, it seeks another open-ended extension. As grounds for the request, this motion lists four law firms that Plaintiff represents declined to accept the engagement on his case; at least three of the four are familiar to the Court as well experienced in handling social security matters, including in this Court. Plaintiff also represents that he contacted Rhode Island Legal Services and the Rhode Island Bar Association and was unable to find an attorney willing to accept the case. His motion seeks an open-ended extension; he alleges that it is for the purpose of "gather[ing] funds for counsel." ECF No. 15. Yet Plaintiff was granted leave to proceed *in forma pauperis* based on his representation that he is unable to pay even the costs of the case. ECF No. 2.

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), provides that "the government shall pay the attorneys' fees of parties that prevail against it in civil litigation," if the Court finds that the government's position was not "substantially justified." McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1472 (1st Cir. 1989). EAJA is used to compensate attorneys who successfully represent indigent applicants for social security benefits. See, e.g., Bouvier v. Colvin, 938 F. Supp. 2d 260, 261-62 (D.R.I. 2013). Further, when an indigent claimant is awarded past-due benefits, "the Commissioner of Social Security shall pay [the attorney's fees] out of such past-due benefits to such attorney." 42 U.S.C. § 1383(d)(2)(B). The latter provision was specifically enacted to improve SSI applicants' access to representation seeking attorney's fees incurred during proceedings to obtain disability benefits. Moriarty v. Colvin, 806 F.3d 664, 669 (1st Cir. 2015). As a result of these provisions, indigent persons challenging an adverse social security determination by the Commissioner are commonly

represented by counsel in this Court, including by some of the very law firms Plaintiff has asked to take this case.

Based on the foregoing, I find that Plaintiff's reason for seeking yet another open-ended extension does not amount to good cause. Accordingly, by separate text order, I have denied his latest motion for an extension. In reliance on that finding, in light of the reality that this case has been pending for ten months and almost four months have passed since the original due date of his motion challenging the decision of the Commissioner, and based further on Plaintiff's failure to prosecute and failure to comply with the Court's Orders pursuant to Fed. R. Civ. P. 41(b), I recommend that the Court dismiss this case without prejudice, with no costs imposed on Plaintiff.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 15, 2017